```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


UNITED STATES OF AMERICA      )
                              )
         v.                   )    1:97cr006 (JCC)
                              )
DERRICK REDD,                 )
                              )
    Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Derrick Redd's ("Defendant") Action to Return Personal Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. For the following reasons, the Court will dismiss Defendant's Action.

### I. Background

Defendant is currently incarcerated at the Hazelton United States Penitentiary in Bruceton Mills, West Virginia. On January 7, 1997, Defendant was indicted on seven counts relating to three bank robberies and one attempted bank robbery that occurred in late 1996. Prior to trial, Defendant pled guilty to one count of bank robbery and to one count of use of a firearm during a crime of violence, and was sentenced on August 22, 2007. After a jury trial, Defendant was convicted on the remaining five counts, and was sentenced on December 12, 1997. In total, Defendant was sentenced to 603 months of imprisonment.

Defendant then appealed his sentence. On December 7,

1998, the United States Court of Appeals for the Fourth Circuit affirmed his conviction.  *United States v. Redd*, 161 F.3d 793 (4th Cir. 1998).  After Defendant's petition for a rehearing en banc was denied, Defendant petitioned the United States Supreme Court for a writ of certiorari.  That petition was denied on April 5, 1999.  *Redd v. United States*, 526 U.S. 1057 (1999).  Since that time, Defendant has made numerous post-conviction motions, all of which have been denied.

Subsequently, on April 13, 2007, Defendant filed an Action to Return Personal Property pursuant to Fed. R. Crim. P. 41(g), specifically requesting the return of a "black telephone book."  Def.'s Action to Return Property at 1.  Because the Government's Supplemental Response, dated June 5, 2007, did not contain verified documentation supporting its pleadings, on September 26, 2007 the Court ordered the Government to submit such verified documentation.  In compliance with this Order, on October 31, 2007, the Government filed the Declaration of Special Agent Sean M. Fitzgerald of the Federal Bureau of Investigation ("Fitzgerald Declaration").  The matter of Defendant's Action to Return Personal Property is currently before the Court.

## II.  Analysis

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move

for the property's return." Fed. R. Crim. P. 41(g).  The Advisory Committee Notes to the Rule state that "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.  But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable."  Advisory Committee Notes accompanying 1989 amendments to Rule 41(e) (now 41(g)).

      Defendant seeks the return of a black telephone book that he claims was taken from him by the Government more than ten years ago.  Def.'s Action to Return Property at 3.  Defendant argues that he has requested on "numerous occasion" [sic] that the Government return this book.  *Id.*  Defendant offers no evidence, however, that he specifically requested the return of a black telephone book.  Instead, Defendant can only point to the hearing transcript from his August 22, 1997 sentencing, where he made a general request to the Court for "some of [his] personal belongings to be returned to [him]."  Sentencing Hr'g Tr. 9:15-16, Aug. 22, 1997, Ex. B to Def.'s Supplemental Resp.  The only other evidence before the Court regarding Defendant's attempt to retrieve his property is an October 18, 1997 letter from Defendant's attorney, Michael W. Lieberman, to the Government, seeking the return of Defendant's "personal property . . . seized

3

from him at the time of his arrest." Ex. A to Government's Supplemental Resp. It is unknown to the Court whether the Government complied with this request. Regardless, Defendant has not shown that either he or his counsel made any further attempts to retrieve his property from the Government until the instant motion was filed, nine and one-half years later.

In the Fitzgerald Declaration, the Government describes the actions it has taken with respect to property seized from Defendant in connection with his 1997 convictions. According to the Fitzgerald Declaration, on December 13, 1996, the Prince William County Police Department conducted a search of Defendant's residence, seizing, amongst other things, a black day planner.[1] This day planner was transferred to FBI custody on February 8, 1997. Following Defendant's conviction, on December 1, 1999, the FBI initiated abandonment proceedings for all property seized from Defendant's residence. The day planner and numerous other items were destroyed by Special Agent John S. Kerr on July 8, 2002. Fitzgerald Decl. at 1.

Given that the Government destroyed Defendant's property, the black telephone book is obviously no longer in the Government's possession, and the Court cannot order the

---

[1] While Defendant seeks the return of a "black telephone book" and the Fitzgerald Declaration describes the seizure of a "black day planner," the Court is satisfied that, even if Defendant and the Fitzgerald Declaration describe different items, both have nonetheless been destroyed by the Government.

4

Government to return it.  Defendant, however, also asserts that, in the event that the Government does not have the property he requests, the Government must pay him twenty-five thousand dollars ($25,000) in United States currency, gold, or silver. Def.'s Supplemental Resp. at 4.  To the extent that Defendant is seeking damages in the alternative to the return of his property, the Fourth Circuit has clearly stated that federal courts lack jurisdiction to award money damages for property destroyed by the government.  *United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 1970); *see also Shalom v. United States*, 2004 WL 3415562, at *2 (D. Md. Nov. 5, 2004)("Federal courts, however, lack jurisdiction to award money damages for property destroyed by the government.").  Because the Court cannot return the requested property or award Defendant damages, the Court will deny Defendant's Action to Return Personal Property.

### III.  Conclusion

For these reasons, the Court will deny Defendant's Action to Return Personal Property.

An appropriate Order will issue.

December 3, 2007                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE