IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:97cr6 (JCC) |
| | ) | |
| DERRICK VINCENT REDD, | ) | |
| | ) | |
| | ) | |
| Petitioner. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Derrick Vincent Reed's Motion/Notice Requesting a Full Evidentiary Hearing [Dkt. 189], Motion for Independent Action for Relief Pursuant to Fed. R. Civ. 60(d)(1) [Dkt. 211], Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Dkt. 219], Motion Requesting Appointment of Counsel [Dkt. 220], and Motion for Discovery by Subpoena Duces Tecum [Dkt. 221]. For the following reasons, the Court will deny Petitioner's motions.

**I.   Background**

A.   <u>Factual Background</u>

A jury trial was commenced in the U.S. District Court in Alexandria on November 3, 1997, in which Petitioner Derrick Vincent Reed was charged with armed bank robbery, in violation

1

of 18 U.S.C. § 2113(a) & (d) (Count One and Six), attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (Count Five), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two and Seven).  Petitioner had previously pled guilty to armed bank robbery and use of a firearm during a crime of violence (Counts Three and Four).  On September 4, 1997, the jury returned verdicts of guilty on all counts.  On December 12, 1997, Petitioner was sentenced a total of 603 months of imprisonment.  The Fourth Circuit denied Petitioner's appeal of his conviction on December 7, 1998.  *See United States v. Redd,* 161 F.3d 793, 797 (4th Cir. 1998).

### B. Procedural Background

On October 12, 2000, this Court denied Petitioner's motion for relief under 28 U.S.C. § 2255.  Petitioner appealed the ruling, and it was denied by the Fourth Circuit on April 18, 2001.  *See United States v. Redd,* 12 F. App'x 127 (4th Cir. 2001).  Petitioner has made a number of other filings, including a writ of mandamus that was dismissed by this Court on February 16, 2010.  The Court found that the petition was a successive petition for writ of habeas corpus under 28 U.S.C. § 2255.  Upon appeal of that decision, on August 3, 2010, the Fourth Circuit found that Petitioner had not made the requisite showing for a certificate of appealability.  *See United States v. Redd,* No. 10-6586, 2010 WL 3034085 (4th Cir. Aug. 3, 2010).  The Court

dismissed the appeal, finding that Petitioner's notice of appeal and brief was effectively an application to file a successive § 2255 motion. *Id.* On February 6, 2012, Petitioner filed a Petition for Common Law Writ of Habeas Corpus by a Person in Federal Custody, which this Court determined was most accurately construed as an unauthorized successive § 2255 motion and accordingly was denied along with a motion to appoint counsel. [*See* Dkt. 210.] On September 14, 2012, the Fourth Circuit again found that Petitioner had not made the requisite showing for a certificate of appealability. *See United States v. Redd*, No. 12-7216, 2012 WL 4041422 (4th Cir. Sept. 14, 2012). In dismissing this appeal, the Court also found that Petitioner's notice of appeal and brief was effectively another application to file a successive § 2255 motion, and denied Petitioner authorization to file such a motion. *Id.*

On July 10, 2012, Petitioner filed a Motion for Independent Action for Relief Pursuant to Fed. R. Civ. 60(d)(1). [Dkt. 211.] On October 16, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [Dkt. 219]. That same day, Petioner also filed a Motion Requesting Appointment of Counsel [Dkt. 220], and a Motion for Discovery by Subpoena Duces Tecum [Dkt. 221]. On November 15, 2012, the Government filed its opposition [Dkt. 224], and Petitioner replied on December 7, 2012 [Dkt. 225]. On January

1, 2013, Petitioner filed an amendment to his § 2255 motion. [Dkt. 226.] Petitioner also has an outstanding Motion/Notice Requesting a Full Evidentiary Hearing from February 9, 2011 [Dkt. 189], which the Government opposed on March 25, 2011 [Dkt. 196] and this Court has not yet addressed.

Petitioner's motions are before the Court.

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody must make a threshold showing in order to file a successive § 2255 motion in this Court. A second, or successive, motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

## III. Analysis

Petitioner's Motion for Independent Action for Relief Pursuant to Fed. R. Civ. 60(d)(1) challenges this Court's jurisdiction over his original proceeding and is most accurately construed as a successive § 2255 motion. In addition, as

4

indicated on its face, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 is a § 2255 motion.  Since there is no evidence suggesting Petitioner has obtained the requisite certification to file a successive § 2255 motion, this Court lacks jurisdiction over either motion.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).  Furthermore, Petitioner's Motion Requesting Appointment of Counsel and Motion for Discovery by Subpoena Duces Tecum are moot in light of his failure to obtain leave to file.  Finally, both currently and at the time of filing his Motion/Notice Requesting a Full Evidentiary Hearing, Petitioner has no pending case before this Court which would grant this Court jurisdiction to enter discovery or evidentiary orders such as those requested in that motion.  Accordingly, the Court also will deny that motion.

### IV.  Conclusion

For the foregoing reasons, the Court will deny each of Petitioner's motions.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 10, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |