IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Derrick Vincent Redd,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:97-cr-006-AJT-1 |
| | ) | |
| **United States of America,** | ) | |
| Respondent. | ) | |

ORDER

Derrick Vincent Redd, a federal inmate proceeding pro se, filed a pleading styled Motion of Coram Nobis. Dkt. No. 284. At best, the pleading is difficult to follow; however, it appears petitioner is challenging the lawfulness of his convictions of armed bank robbery, attempted bank robbery, and use of a firearm during a crime of violence, as well as his sentence.[1]

> Coram nobis is an extraordinary remedy that is available only under circumstances compelling relief in order to achieve justice. United States v. Morgan, 346 U.S. 502, 512-13, 74 S.Ct. 247, 98 L.Ed. 248 (1954). To obtain coram nobis relief, the petitioner must satisfy "four essential prerequisites." [Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013)]. First, "a more usual remedy (such as habeas corpus) must be unavailable." Id. Second, there must be a "valid basis" for the petitioner having not attacked her conviction earlier. Id. Third, "the consequences flowing to the petitioner from [her] convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement." Id. Fourth and finally, "the error that is shown must be of the most fundamental character." Id.

Colon v. United States, 708 F. App'x 125 (4th Cir.), cert. denied, 138 S. Ct. 2612 (2018) (certain alterations in original). Petitioner is currently in custody, and therefore, he is able to seek habeas relief. Because a more usual remedy is available, relief pursuant to a writ of coram nobis is unavailable to petitioner, and this motion will be liberally construed as a subsequent §

---

[1] Petitioner also pled guilty to separate counts of armed bank robbery and use of a firearm during a crime of violence.

2255 motion. United States v. Swaby, 855 F.3d 233, 238 (4th Cir. 2017) ("Here, habeas was in fact available to [petitioner]. As a result, [petitioner] could seek relief only through a habeas petition, and not through a coram nobis petition."); see, also, United States v. Howze, 521 F. App'x 164, 165 (4th Cir. 2013) ("Coram nobis is an extraordinary remedy that has traditionally been used to attack federal convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255. A petitioner may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion.") (internal alterations, quotations, and citations omitted).

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." § 2255(h). Petitioner has previously filed numerous motions under § 2255, see Doc. Nos. 85, 204, 219, 236, 260, as well as multiple motions under § 2244 with the Fourth Circuit seeking authorization to file second or successive § 2255 motions, all of which have been denied. Since petitioner has not obtained the requisite certification to file a successive § 2255 motion, this Court lacks jurisdiction over the motion. See Burton v. Stewart, 549 U.S. 147, 157 (2007).

Accordingly, it is hereby

ORDERED that petitioner's Motion of Coram Nobis [Dkt. No. 284] be and is DISMISSED, WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the sentencing court to consider the petition.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written

notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). This Court expressly declines to issue such a certificate for the reasons stated in this Order.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

Entered this 24th day of May 2019.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge